# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **S.S.,** <br> A minor, by his mother <br> and next friend, <br> **SHIRLEY SMITH** <br> 3312 14TH Pl., S.E. #201 <br> Washington, D.C. 20032 <br><br> and <br><br> **SHIRLEY SMITH** <br> 3312 14TH Pl., S.E. #201 <br> Washington, D.C. 20032 <br> Plaintiffs <br><br> v. <br><br> DISTRICT OF COLUMBIA <br> A municipal corporation, <br> 1350 Pennsylvania Ave., N.W. <br> Washington, D.C. 20004 <br><br> Serve on: <br> Attorney General of D.C. <br> One Judiciary Square <br> 441 4th Street, N.W., Suite 600 <br> Washington, D.C. 20001 <br><br> and <br><br> Mayor Adrian Fenty <br> Office of the Secretary <br> 1350 Pennsylvania Avenue, Ste. 419 <br> Washington, DC 20004 <br><br> **CLIFFORD B. JANEY** <br> The Superintendent, <br> District of Columbia Public Schools <br> 825 North Capitol Street, NE <br> Washington, D.C. 20002 <br><br> Defendants(s) | **Civil Action No:** |

*************************************

**COMPLAINT**

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

**PARTIES**

2.    S.S. is an eleven-year old child with disability in the custody of his mother, Shirley Smith in the District of Columbia, and has been determined eligible for services by DCPS pursuant to IDEIA and section 504. The mother brings this action on his behalf and in their own right.

3.    The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA and section 504.

4.    Clifford B. Janey is the Superintendent of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate, public education and that their rights to equal protection of the law and due process of law are respected.

**FACTS**

5.    S.S. is an 11 year old student who was determined to need special education by DCPS and is attending High Road Primary School of DC because in a 10/12/04 HOD, the hearing officer found that Malcolm X elementary school was not appropriate and that the student was functioning extremely below level.

6. On February 2, 2005, DCPS and parent's counsel entered into a settlement agreement at which time it was agreed that DCPS would complete a functional behavior assessment and a psychiatric evaluation within 40 days or else the parent would have the right to complete the evaluations independently at DCPS' expense. It was agreed that once the evaluations have been completed DCPS had to convene a meeting within 15 school days to update the IEP, discuss compensatory education and if warranted, complete a compensatory education plan. However, DCPS did not complete the evaluations or convene the meeting within the appropriate time after the evaluations were completed independently.

7. The independent psychiatric evaluation was completed on 06/16/05 and the functional behavior assessment was completed on 06/23/05. However, DCPS did not convene the meeting. The meeting finally took place on 10/17/05 but DCPS did not show up. As a result, the team was unable to make a determination as to compensatory education services. Therefore, DCPS was in violation of the settlement agreement because the meeting was not held within the 15 school days and when it was held, DCPS did not show up.

8. During the 10/17/05 meeting the team agreed that an Occupational Therapy Evaluation (hereinafter "OT") will be completed. The OT was completed on 11/12/05 and it recommended that the student needed OT services. However, DCPS did not convene a meeting to review the OT evaluation. As a result, S.S.'s IEP did not include the OT services and as such he did not receive any OT services.

9. On 07/13/06, the parent, through counsel filed a due process complaint alleging that (1) DCPS failed to adhere to the 02/01/05 settlement agreement by not convening the meeting within the appropriate time and by not being present at the meeting on 10/17/05; (2) DCPS failed to provide him with an appropriate IEP because the IEP was not based on the up to date evaluations; (3) DCPS failed to provide him with an appropriate placement prior to his attendance at High Road School; (4) DCPS failed to provide him with his related services prior

3

to his attendance at High Road and that DCPS has not provided any evidence to show that the related services were being provided while attending High Road.

10. On 09/18/06, the hearing was convened. However, the hearing officer continued the hearing stating that DCPS needed more time to prepare, and his reasoning being that although the resolution session meeting was held, DCPS needed more time. As a result, on 10/25/06, more than 30 days later and more than 90 days from the filing of the complaint, the hearing took place.

11. During the 10/25/06 hearing, the hearing officer refused to allow the parent's counsel to present evidence in reference to the fact that in the 10/12/04 HOD, the hearing officer found that the student's placement at Malcolm X was inappropriate and as such he is owed compensatory education services.

12. During that 10/25/06 hearing, Michelle Young, the High Road director testified to the fact that the student was in need of tutoring services due to his severe academic delays.

13. On 10/27/06, an HOD was issued in which the hearing officer held that the issue of the 02/02/05 settlement agreement was moot; that the allegation that DCPS failed to convene a meeting to review the OT evaluation was unfounded; that there was no evidence to show that petitioner forwarded the OT evaluation to DCPS; that the issue that DCPS failed to provide the student with an appropriate IEP since it does not include recommendations from the current evaluations was also unfounded; that since his 10/08/04 HOD placed S.S. at High Road, the petitioner did not have the right to claim compensatory education; that the complaint was frivolous; and that there was no showing of previous IEPs.

14. Contrary to the HOD the 10/08/04 HOD did not preclude the petitioner from coming back to claim compensatory education hours for the already determined denial of FAPE. In addition, the aforestated holding is contrary to the evidence and testimony presented during the hearing and is not supported by the records in this proceeding.

4

## COUNT I

15. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

16. Defendants' failure to provide plaintiff with a free, appropriate, public education violates plaintiffs' rights under the IDEIA and section 504.

## COUNT II

17. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

18. Defendants violated IDEIA and failed to comply with 02/02/05 settlement agreement.

## COUNT III

19. Plaintiff adopts and incorporates preceding paragraphs as if fully set forth herein.

20. Defendants violated IDEIA by not completing the evaluations within the appropriate timeframe as required under IDEIA and by not convening the meeting upon completion of the evaluations.

## COUNT IV

21. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

22. Defendants violated IDEIA by not including the OT services on the IEP and as a result not providing the student with an appropriate IEP

## COUNT V

23. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

24. Defendants violated IDEIA by not providing the student with an appropriate placement prior to his placement at High Road.

## COUNT VI

25. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

26. Defendants violated IDEIA by not providing S.S with appropriate special education and related services and all his related services.

## COUNT VII

27. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

28. The Hearing Officer erred in finding that the issue of the 02/02/05 settlement agreement violation was moot because the statute of limitation is for two years and the 02/02/05 settlement agreement is within the two years. As a result,

## COUNT VIII

29. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

30. The Hearing Officer erred in ignoring the High Road School's director's testimony that the student needed tutoring services because the Consent Decree clearly states that ". . . for the purposes of compensatory education, there is a rebuttable presumption of harm for those students who were denied timely hearing or who failed to receive timely implantation of HODs and SAs and that compensatory education is an available equitable remedy for such loss with the type and length of the award to be based on the amount of the deficit or less."  Additionally, this particular hearing officer found that DCPS denied the student FAPE with his 10/12/04 HOD and as such in conformity with Reid v. District of Columbia, 401 F.3d 516 (D.C. Cir. 2005) the only thing the hearing officer was to make a finding of was the amount of compensatory education hours to award because the violation of the settlement agreement and the fact that the hearing officer already found that S.S. was denied FAPE was enough evidence to show harm.

## COUNT IX

31. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

32. The Hearing Officer erred in not applying the Consent Decree, which would have found that violation of the settlement agreement was a denial of FAPE.

## COUNT X

33. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

34. The Hearing Officer erred in ruling that the complaint was frivolous because the settlement agreement was clearly violated and that ensures that the complaint filed was not frivolous and additionally, High Road testified that S.S. was in need of tutoring services.

## COUNT XI

35. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

36. The Hearing Officer erred in ruling that since the 10/08/04 HOD placed the student at High Road, S.S. was precluded from coming back for compensatory education because nowhere in the HOD did the hearing officer clearly preclude the petitioner from bringing forth a compensatory education claim.

## COUNT XII

37. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

38. The Hearing Officer erred in his ruling that petitioner had no proof that the petitioner forwarded the OT to DCPS and so cannot claim that DCPS did not meet to review the evaluation because the system completed the OT, not the petitioner and so could not forward the evaluation to DCPS.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for plaintiffs and against defendants on all aforementioned counts;

2. Issue an order awarding compensatory education to the plaintiff for denial of FAPE and for the lack of provision of OT services;

3. Order that the October 27, 2006 Hearing Officer's Determinations be reversed, finding denial of a free, appropriate, public education by DCPS;

4. Award plaintiffs attorneys' fees and the costs of this action; and

5. Award any other and further relief the Court deems just and proper.

                    Respectfully submitted,
                    THE IWEANOGES' FIRM P.C.

                    By:   /Jude Iweanoge/
                    Jude C. Iweanoge, Bar #493241
                    1026 Monroe Street, NE
                    Washington, D.C. 20017
                    Phone: (202) 347-7026
                    Fax: (202) 347-7108
                    Email: jci@iweanogesfirm.com

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Shirley Smith, et. al.

110 01

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jude C. Iweanoge, Esq.
The Iweanoges Firm
1026 Monroe Street, NE
Washington, DC 20017

## DEFENDANTS
District of Columbia, et. al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: 12
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER  1:07CV00186

JUDGE:  Richard W. Roberts

DECK TYPE:  Administrative Agency Review

DATE STAMP:  01/29/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

|                                           | PTF | DFT |                                                                      | PTF | DFT |
|-------------------------------------------|-----|-----|----------------------------------------------------------------------|-----|-----|
| Citizen of this State                     | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State            | ○ 4 | ○ 4 |
| Citizen of Another State                  | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State        | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country   | ○ 3 | ○ 3 | Foreign Nation                                                       | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ⊙ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)       OR       ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊗ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

20 USC 1415    IDEA

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____  Check YES only if demanded in complaint   JURY DEMAND:  YES ☐  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)  YES ☐  NO ⊠   If yes, please complete related case form.

DATE 1/26/07    SIGNATURE OF ATTORNEY OF RECORD _____

29

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.