**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **S.S, a minor** * <br> **by her parent and next friend,** * <br> **SHIRLEY SMITH** * <br>     Plaintiffs * <br> * <br> v.   * <br> * <br> * <br> **DISTRICT OF COLUMBIA, et al** * <br>     Defendants * <br> ************************************* | **Civil Action No: 07-0186 (RWR)** |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW, the Plaintiff, Shirley Smith and S.S., a minor, by and through their attorneys Jude C. Iweanoge, Esquire and THE IWEANOGES' FIRM, P.C. and respectfully requests this Honorable Court to deny Defendants Motion to Dismiss Plaintiffs Complaint as time barred. Memorandum of points and authorities supporting Plaintiffs Opposition to Defendants motion to dismiss is attached hereto.

                                                            Respectfully submitted,
                                                            THE IWEANOGES' FIRM P.C.


                                      By:____/s/*JudeIweanoge/s/*_____
                                          Jude C. Iweanoge
                                          Iweanoge Law Center
                                          1026 Monroe Street, NE
                                          Washington, DC 20017
                                          Phone: (202) 347-7026
                                          Fax: (202) 347-7108
                                          Email: jci@iweanogesfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| S.S, a minor * <br> by her parent and next friend, * <br> SHIRLEY SMITH * <br>               Plaintiffs * <br>                        * <br>     v.                       * <br>                         * <br>                         * <br> DISTRICT OF COLUMBIA, et al * <br>               Defendants * <br> ************************************* | Civil Action No: 07-0186 (RWR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTS OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**PROCEDURAL POSTURE**

On January 27, 2007, Plaintiffs filed a Complaint pursuant to Individuals with Disabilities Education Improvement Act ("IDEIA"), appealing a Hearing Officer's decision entered on October 27, 2006 as erroneous.

On June 5, 2007, Defendant filed a motion to Dismiss Plaintiffs' Complaint contending that Plaintiff claim is barred by the applicable statute of limitation.

**STANDARD OF REVIEW**

Federal Rules of Civil Procedure, Rule 12(b)(6) provides that a claim may be dismissed for failing to state a claim upon which relief can be granted. The legal standard for a motion to dismiss pursuant to Rule 12(b)(6) is that the complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, (1957). The court accepts as true all of the complaint's factual allegations giving "the benefit of all inferences that can be derived from the facts alleged," <u>Kowal v. MCI Communications Corp.</u>, 16

F.3d 1271, 1276 (D.C. Cir. 1994). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. See <u>Shear v. National Rifle Association of America</u>, 606 F.2d 1251, 1253 (D.C. Cir. 1979). Dismissal is only proper if, after the allegations of the complaint are construed in the light most favorable to the plaintiff, the facts and allegations in the complaint would fail to afford the plaintiff relief if proven. *Ezra v. Pedas*, 682 A.2d 173, 174 (D.C. 1996). The Defendants' have failed to make a showing that the complaint fails to state a claim upon which relief can be granted or that Plaintiff's complaint is untimely .

I.     **PLAINITFF'S CLAIM SHOULD NOT BE DISMISSED BECAUSE IT WAS FILED WITHIN THE TIME MANDATED BY IDEA**

In <u>Tyler v. District of Columbia</u>, 2006 U.S. Dist. LEXIS 48274, (D.D.C. July 18, 2006), the Court denied District of Columbia's motion to dismiss and held that Plaintiff's were entitled to an extra three (3) days pursuant to Fed. R. Civ. P. 6(e). In the case *sub judice*, Defendants contend in their motion that Plaintiffs' complaint was not filed within the 90-day period provided by IDEIA. Specifically, Defendants contend that Plaintiffs appeal was filed on January 29, 2007, 94 days later. First, it is pertinent to note that Plaintiff's complaint was filed on January 27, 2007, which was a Saturday as evidenced from the first page of the complaint filed in the above captioned matter, but the complaint was received by the clerk the next business day which was January 29, 2007. It is well settled in this Jurisdiction that for computation of time, if the due date for filing a Court document falls on the weekend, the document will be due the next official business day. <u>See</u> Fed. R. Civ. P. 6(a). Therefore, pursuant to Rule 6(a), Plaintiffs complaint which was originally due on Sunday May 28, 2007 was not due until Monday May 29, 2007.

Defendants rely on <u>R.P. v. District of Columbia</u>, 474 F. Supp. 2d 152 (D.D.C. 2007) in support of her contention that Plaintiff's complaint is time barred. However, as recognized by the Court in <u>R.P.</u>, "[t]he doctrine of stare decisis does not compel one district court judge to follow

the decision of another." Starbuck v. City and County of San Francisco, 556 F.2d 450, 457, n.13 (9th Cir. 1977); 18-134 Moore's Federal Practice – Civil § 134.02[1][d] (2006) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Similarly, this District Court Judge is not bound by the ruling in R.P., which is currently under appeal because it is an erroneous interpretation of 20 U.S.C. § 1415(i)(2)(B) and limits the application of Fed. R. Civ. P. 6(e) especially where the mail box rule is still applicable to ECF notices that are electronically sent, despite being received on the day the notice and/or order is entered.

In addition, Defendants reliance on R.P. v. District of Columbia, 474 F. Supp. 2d 152, in support of its motion to dismiss Plaintiff's complaint is misplaced because the Court's finding "that Section 1415 of the IDEA clearly contemplates only ninety days from the date of the HOD in which to file a civil action," is erroneous and clearly inconsistent with interpretation of other judges of the District Court. As recognized in Harris v. Williams, et al, 276 F. Supp. 2d 85, 89 (D.D.C. 2003), "a review of case law from the United States District Court for the District of Columbia shows that those courts consistently interpret D.C. Ct. App. R. 15(a) as starting the clock upon receipt of notice." Therefore, since the statute of limitation for appeal of HOD pursuant to IDEIA has been consistently interpreted to run from the receipt of notice, Fed. R. Civ. P. 6(e) should be applied in the instant case. See e.g. Essen v Board of Educ. 1996 U.S. Dist. Lexis 5231 (D.N.Y. 1996) (statute of limitations for action under IDEA (20 USCS §§ 1400 et seq.) appealing administrative decision begins to run not when final decision is rendered in administrative process, but when parents receive notice of final decision.)

In *Tyler v. District of Columbia*, 2006 U.S. Dist. LEXIS 48274, the Court recognized that Plaintiff's were entitled to an extra three (3) days pursuant to Fed. R. Civ. P. 6(e). *Id.* at 3 (*citing*

Baker v. Henderson, 150 F. Supp. 2d 13, 15 (D.D.C. 2001). Appling the holding in *Tyler* to the instant case, Plaintiffs complaint is timely because the HOD was issued on October 27, 2006 in the absence of the parties; therefore Plaintiff's had until Monday January 29, 2007, which is the next official court opening day to file their complaint. Plaintiffs filed their complaint on Saturday January 27, 2007, in the after hours box, one (1) day prior to the running of the statute of limitation.

Furthermore, Plaintiff's complaint should not be dismissed as untimely because if Appellants had filed their complaint in Superior Court of the District of Columbia, their appeal would have been timely pursuant to D.C. Ct. App. R 15(a). Rule 15(a) of the District of Columbia Court of Appeals grants additional five (5) days from the date of the mailing of the decision or order to file a petition for review of agency order, if the decision was made outside the presence of the parties. See Flores v. D.C. Rental Housing Commission et al, 547 A.2d 1000, 1003 (D.C. 1988).

In sum, Plaintiffs complaint for violation of IDEA is not time barred and should not be dismissed.

## **CONCLUSION**

The Court should deny Defendants motion to dismiss because Plaintiffs complaint was filed within the applicable statute of limitation.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.


By:___/s/JudeIweanoge/s/_____
Jude C. Iweanoge (493241)
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, DC 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 2nd October 2006 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will notify the Defendants through the court's e-file system.

_____/s/_____
Jude C. Iweanoge