**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SHIRLEY SMITH, ) Guardian and Next Friend of S.S., a Minor, ) ) Plaintiff, ) ) v. ) ) DISTRICT OF COLUMBIA, *et al.*, ) ) Defendants. ) ) | Civil Action No. 07-0186 (RWR) |

**DEFENDANTS' REPLY TO THE PLAINTIFF'S JUNE 16, 2007,**
**OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS**

The Defendants, by counsel, here respectfully and briefly reply to the Plaintiff's

Opposition to the Defendants' Motion to Dismiss.  The Defendants' Motion

demonstrated that the Complaint should be dismissed because it was filed after the 90-

day limitations period expired.

First, although the Plaintiff states in her Opposition that she filed the Complaint

on January 27, 2007 (Pl. Opp., at 3), the Complaint served on the Defendants was date-

stamped by the clerk on January 29, 2007.  Also, the Docket lists the Complaint as filed

on January 29, 2007.  Regardless of whether the Plaintiff filed her Complaint on January

29 or January 27, however, she did not meet the 90-day limitations deadline of January

25, 2007, in either event.[1]

---

[1] Because she wrongly applies three additional days to the January 25, 2007, deadline, and because the last
of the three additional days falls on a Sunday (and not a business day), the Plaintiff believes that the correct
deadline was Monday, January 29, 2007.  Pl. Opp., at 3, 5.  (The Plaintiff apparently by mistake used
"May" instead of "January" on page 3 of her Opposition, but she used the correct month on page 5).
  Assuming *arguendo* that the three additional days do apply, and that the third day falls on a weekend or
holiday, the Defendants do not dispute that the filing would be due on the next business day.  In the instant
case, however, the Plaintiff simply is not entitled to any additional days past the 90-day deadline.

Second, the Plaintiff wrongly cites *Harris v. Williams*, 276 F. Supp. 2d 85

(D.D.C. 2003) for the proposition that the statute of limitations begins when the parents

receive *notice* of the hearing officer's decision, not upon its *issuance*. Pl. Opp., at 4.

While this position may have been true when the *Harris* decision was issued in 2003, it is

no longer the law of the land. The Individuals with Disabilities Education Improvement

Act of 2004 amended the previous version of that statute to include, among other items, a

specific 90-day limitations period that runs "from *the date of the decision* of the hearing

officer." 20 U.S.C. § 1415(i)(2)(B) (Emphasis added); Def. M., at 3. There is no

ambiguity in the statute that the 90 days begin to accrue upon issuance of the decision.[2]

Third, the Plaintiff incorrectly suggests that this Court should follow the

reasoning in *Tyler v. District of Columbia*, Civil Action No. 05-2259 (D.D.C. July 18,

2006) (Judge Collyer). Pl. Opp., at 4-5. A plain reading of the statute, however, suggests

that the *Tyler* Court did not properly apply three additional days to the limitations period.

Instead, this Court should adopt the reasoning in *R.P. v. District of Columbia*, 474 F.

Supp. 2d 152 (D.D.C. 2007). Def. M., at 4.

Finally, the Plaintiff indicates that, if she had filed her Complaint in D.C. Superior

Court, her Complaint would have been due five days later than the January 25, 2007,

deadline. Pl. Opp., at 5. This point is irrelevant, and will not be addressed here, because

the Plaintiff chose to file her Complaint in District Court, not Superior Court.

---

[2] The Plaintiffs do not state that they did not receive the hearing officer's decision on the date of its issuance. Pl. Opp., generally.

In conclusion, the Plaintiff fails to show why the 90-day limitations period should

not be applied in the present case, and thus, her Complaint must be dismissed.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
June 25, 2007                                              E-mail: Eden.Miller@dc.gov