UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
SHIRLEY SMITH, et al.,         )
                               )
        Plaintiffs,            )
                               )
     v.                        )   Civil Action No. 07-186 (RWR)
                               )
DISTRICT OF COLUMBIA, et al.,  )
                               )
        Defendants.            )
_____)
```

MEMORANDUM OPINION

Plaintiff Shirley Smith filed this action individually and on behalf of her eleven-year-old child, S.S., seeking review of a hearing officer's adverse decision under the Individuals with Disabilities in Education Act ("IDEA"). Defendants, the District of Columbia and Clifford Janey (collectively "the District"), have moved for dismissal, claiming that the court lacks subject matter jurisdiction because Smith's appeal is untimely. Because Smith filed her complaint after the expiration of the statute of limitations, the District's motion to dismiss will be granted.

BACKGROUND

Smith filed an administrative complaint claiming that the District of Columbia Public Schools ("DCPS") failed to provide S.S. with an appropriate special education placement and related services. (Compl. ¶ 9.) On October 27, 2006, a DCPS hearing officer issued a final decision ("HOD") in favor of the District finding that most of Smith's allegations regarding DCPS were

-2-

unfounded, and that S.S. had no right to claim compensatory education. (Id. ¶ 13.) Smith filed the instant complaint on January 29, 2007 seeking review of the October 27, 2006 HOD. The District moved to dismiss arguing that because the IDEA requires that a request to review an HOD be filed within 90 days after issuance of the administrative decision, Smith's claims are time-barred and her complaint must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## DISCUSSION

I.   DISPOSITION UNDER RULE 12(b)(1) OR 12(b)(6)

Whether a statute of limitations when violated poses a bar to subject matter jurisdiction, see Kendal v. Army Bd. for Correction of Military Records, 996 F.2d 362, 366 (D.C. Cir. 1993) (stating that "[c]ompliance with [a] limitations period is a condition of federal court jurisdiction"), or, instead, is an affirmative defense that must be pled and proven and may be overcome by the application of judicially recognized exceptions, see e.g., Gordon v. Nat'l Youth Work Alliance, 675 F.2d 356, 360 (D.C. Cir. 1982); see also 5 Wright & Miller, Federal Practice and Procedure § 1277 (2004), is a question that continues to generate disparate appellate opinions. See Felter v. Norton, 412 F. Supp. 2d 118, 122-23 (D.D.C. 2006) (citing cases). While there is no authority declaring whether the time deadline for seeking review of an HOD contained in the IDEA is jurisdictional

-3-

and may not be waived, recent Supreme Court and D.C. Circuit decisions have held that analogous statutes of limitations may be equitably tolled.  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990) (holding "that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States"); Chung v. Dep't of Justice, 333 F.3d 273, 276-77 (D.C. Cir. 2003) (holding that the filing deadline in the Privacy Act is not a jurisdictional bar and is subject to equitable tolling under Irwin's reasoning); see also Harris v. Fed. Aviation Admin., 353 F.3d 1006, 1013 n.7 (D.C. Cir. 2004) (noting that Irwin and Chung have cast doubt on the D.C. circuit's holding that 28 U.S.C. § 2401 is a jurisdictional prerequisite to suit in federal court).  In Irwin, the Supreme Court framed a general rule that all statutes of limitations are subject to a rebuttable presumption that equitable tolling applies.  Irwin, 498 U.S. at 95-96.

However, the Supreme Court recently held that 28 U.S.C. § 2107(a)'s time limitation for filing a notice of appeal is jurisdictional and not subject to equitable modifications.  See Bowles v. Russell, 127 S. Ct. 2360, 2364 (2007).  The Bowles Court noted that prior decisions addressing the jurisdictional nature of "statutory time limits for taking an appeal . . . have also recognized the jurisdictional significance of the fact that

-4-

a time limitation is set forth in a statute." Id.  While Bowles dealt with a statutory deadline to timely file a notice of appeal, it is in tension with case law suggesting that other statutory time limitations are not jurisdictional and should be pled as affirmative defenses.[1]  See e.g., Arbaugh v. Y & H Corp., 546 U.S. 500, 510 (2006) ("[W]e have clarified that time prescriptions, however emphatic, 'are not properly typed "jurisdictional."'") (quoting Scarborough v. Principi, 541 U.S. 401, 414 (2004)); Bowles, 127 S. Ct at 2369 (Souter, J., dissenting); Day v. McDonough, 126 S. Ct. 1675, 1681 (2006) (noting that a statute of limitations defense is not jurisdictional).

Although the waters have been muddled as to whether a motion to dismiss a complaint as time-barred should be brought under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or under Rule 12(b)(6) for failure to state a claim, it is not necessary to resolve the issue to dispose of Smith's claims.  The District has sufficiently established that Smith's complaint was

---

[1] The Supreme Court has admitted that the distinction between jurisdiction and the requirements to state a claim for relief have become "confused or conflated concepts." Arbaugh v. Y & H Corp., 546 U.S. 500, 503 (2006) (further noting at 510 that "[o]n the subject matter jurisdiction/ingredient-of-claim-for-relief dichotomy, this Court and others have been less than meticulous").  Thus, in Arbaugh, the Court aimed to state with precision the requirements of subject matter jurisdiction to avoid continued use of "drive-by" jurisdictional rulings with no precedential value.  Id. at 511.

-5-

not timely and Smith has advanced no arguments for equitably tolling the statute of limitations.

II. FAILURE TO TIMELY FILE

The District maintains that under the IDEA, Smith had 90 days[2] from October 27, 2006 when the HOD was issued to file a complaint. (See Defs.' Mot. to Dismiss, Mem. of P. & A. ("Mot. to Dismiss") at 1.) In response, Smith argues that under Fed. R. Civ. P. 6(e), she had an additional three days beyond the 90-day period to file her complaint because she received notice of the HOD by mail. (Mem. of P. & A. in Supp. of Pls.' Opp'n to Defs.' Mot. to Dismiss ("Pls.' Opp'n") at 5.) She cites to Tyler v. Dist. of Columbia, Civ. Action No. 05-2259 (RMC), 2006 WL 2024377, at *1 (D.D.C. July 18, 2006), an IDEA case which held that Rule 6(e) accorded plaintiffs a 93-day limitations period because they received notice of the adverse HOD by mail. Rule 6(e) states in relevant part, "[w]henever a party must or may act within a prescribed period after service and service is made [by mail], 3 days are added after the prescribed period would otherwise expire." However, the IDEA starts the running of the limitations period from the date of the HOD, not from the date of

---

[2] The IDEA states that "[t]he party bringing the action [for judicial review of an HOD] shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter [20 U.S.C. ¶¶ 1411 et seq.], in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B).

-6-

service of the HOD upon the party.  <u>Tyler</u>'s conclusion relied upon a case involving a statute of limitations that was triggered instead by a party's receipt of an administrative decision.  <u>R.P. v. Dist. of Columbia</u>, 474 F. Supp. 2d 152 (D.D.C. 2007), persuasively explained that the IDEA "requires a party to act within ninety days from the date of the HOD and *is not dependent on receipt or service of that decision*.  Rule 6(e) applies to those circumstances where a party must or may act within a certain time after service, not when a party must act within a certain time after a decision is issued."  <u>Id.</u> at 153 (emphasis added).  Here, the 90-day limitation period began running on the date of the HOD, October 27, 2006, and ended on January 25, 2007. Smith filed her complaint on January 29, 2007, after the expiration of the statute of limitations period.

Smith argues alternatively that D.C. Ct. App. R. 15(a) starts the statute of limitations clock under the IDEA upon receipt of notice, rather than upon the issuance of the HOD, citing to <u>Harris v. Williams</u>, 276 F. Supp. 2d 85, 89 (D.D.C. 2003).  (Pls.' Opp'n at 4.)  Although Rule 15(a) requires that review of an agency decision be filed within 30 days after notice of the decision is given, local rules supply the limitations period only when federal law does not explicitly set forth time limitations.  <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-67 (1985). <u>Harris</u> was decided before Congress amended the IDEA on

-7-

December 3, 2004[3] to establish as a limitations period for seeking review of an HOD "90 days from the date of the decision of the hearing officer . . . or, [in such time as State law allows] if the State has an explicit time limitation for bringing such action under this subchapter[.]"  20 U.S.C. § 1415(i)(2)(B)).  Rule 15(a) has no bearing on Smith's complaint because it "broadly addresses petitions for review as a class, without ever mentioning actions that challenge HODs rendered under the IDEA.  Such a generic statement does not satisfy the specific requirements of § 1415(i)(2)(B)'s plain language."  T.T. v. Dist. of Columbia, Civ. Action No. 06-207 (JDB), 2006 WL 1774320, at *2 (D.D.C. June 26, 2006).  See R.P., 474 F. Supp. 2d at 152 n.1 (citing cases determining the applicable IDEA statute of limitation as 90 days for review of HOD decisions)[4]; T.T., 2006 WL 1774320, at *1 (holding that local Rule 15(a) was no longer applicable to IDEA cases because the 2004 amendment to the IDEA set forth a 90-day statute of limitation); Anthony v. Dist. of Columbia, Civ. Action No. 06-192 (ESH), 2006 WL 1442242, at *2

---

[3]    Congress amended the IDEA by passing the Individuals with Disabilities Education Improvement Act, Pub. L. No. 108-446, 118 Stat. 2647 (2004).

[4]    R.P. implicitly questioned the use of the 30-day period in Parker v. Dist. of Columbia, Civ. Action No. 05-188 (RWR), 2006 WL 1442383 (D.D.C. May 22, 2006), but the new 90-day period had not become effective until July 21, 2005, see Pub. L. No. 108-446 § 302(a)(1), 118 Stat. 2647, 2803 (2004), well after the plaintiff in Parker had filed her January 26, 2005 complaint. See Parker, 2006 WL 1442383, at *1.

-8-

(D.D.C. May 22, 2006) (rejecting defendant's argument that local Rule 15(a) applied); <u>Parker v. Dist. of Columbia</u>, Civ. Action No. 05-188 (RWR), 2006 WL 1442383, at *2 n.3 (D.D.C. May 22, 2006) (citing the IDEA's 90-day limitation period).[5]  Under the 2004 amendments to the IDEA, Smith is bound by the 90-day statutory time limit.  Her complaint was filed beyond that limit and will be dismissed.

<u>CONCLUSION</u>

Because Smith did not file her complaint within the 90-day statute of limitations, her claims are time barred.  Therefore, her complaint will be dismissed.  A separate Order accompanies this Memorandum Opinion.

SIGNED this 30th day of July, 2007.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```

---

[5] In any event, Smith has not shown that her complaint was timely even if the 30-day limitations period applied.